UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CURIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 4:20-cv-1278 |
| v. | ) |
| | ) Division No. |
| AMERISURE PARTNERS INSURANCE | ) |
| COMPANY, incorrectly named as | ) **JURY TRIAL DEMANDED** |
| AMERISURE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT AMERISURE PARTNERS INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amerisure Partners Insurance Company, incorrectly named as Amerisure Insurance Company, by and through its undersigned attorneys, hereby removes this action from the Missouri Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, to the United States District Court for the Eastern District of Missouri. In support of this Notice, Defendant states:

1.  On or about July 8, 2020, Plaintiff Michael Curia filed this claim for underinsured motorist benefits and vexatious refusal in the Twenty-First Judicial Circuit, St. Louis County, Missouri in the civil action styled *Michael Curia v. Amerisure Insurance Company*, Cause No. 20SL-CC03552. Plaintiff seeks damages for injuries he allegedly sustained in an automobile collision on June 10, 2016, in St. Louis County, Missouri.

2.  Pursuant to 28 U.S.C. § 1446(a) and E.D.Mo. L.R. 2.03, a true and correct copy of all process and pleadings served on Defendant, as well as the complete file from the state court, is attached hereto as Exhibit A and is incorporated herein by reference.

1

3.      This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this action.

4.      Both at the time this action was commenced and at the time of this removal, Plaintiff was and is a resident and citizen of the State of Missouri.

5.      Both at the time this action was commenced and at the time of this removal, Defendant was and is Michigan corporation with its principal place of business in the State of Michigan.

6.      In the Petition, Plaintiff pleads he is entitled to damages in excess of the jurisdictional limit of the Circuit Court in which the action was pending, which is $25,000. However, on May 5, 2020, Plaintiff submitted a demand to Defendant for payment of $1,000,000 in underinsured motorist benefits. (*See* Demand, attached hereto as Exhibit B). Additionally, Plaintiff seeks statutory penalties and attorneys' fees under Missouri's vexatious refusal statute. (*See* Petition, ¶ 10).

7.      When removal is based on diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks…a money judgment, but the State practice either does not permit demand for specific sums or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). "Where the petition does not contain a demand for specific monetary amount…the court must make a factual inquiry into the case"; in so doing, the Court "may look to the petition for removal or make an independent appraisal of the claim." *McGuire v. J.B. Hunt Transport, Inc.*, 2010 WL 2399550, *3 (E.D. Mo. 2010).

8.       Here, Plaintiff alleges he sustained injuries to his back and neck which required surgery and resulted in medical bills of approximately $271,000. Moreover, the demand Plaintiff submitted to Defendant indicates his intention to seek $1,000,000 in damages, in addition to statutory penalties and attorney's fees. Thus, according to the face of the demand and the Petition, Plaintiff seeks an amount in excess of $75,000.

9.       This action is being removed to the District Court of the United States for the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

10.      This Notice of Removal is timely filed. Defendant was served on August 19, 2020. This Notice of Removal is filed within thirty (30) days after the service of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)(holding that the thirty day time period under the removal statute begins to run from the date of formal service).

11.      Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendant will give Plaintiff written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Missouri Circuit Court of the Twenty-First Judicial Circuit, St. Louis County.

WHEREFORE, Defendant Amerisure Partners Insurance Company, incorrectly named as Amerisure Insurance Company, gives notice that the matter styled as *Michael Curia v. Amerisure Insurance Company*, in the Missouri Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Case No. 20SL-CC03552, is removed to the United States District Court for the Eastern District of Missouri.

H<span style="font-variant:small-caps">epler</span>B<span style="font-variant:small-caps">room</span> LLC

By:   */s/ Bradley M. Zaffiri*
     Kathleen Schlef Hamilton No. 51974
     Bradley M. Zaffiri No. 63632
     211 N Broadway, Suite 2700
     St. Louis, MO 63102
     314-241-6160
     314-241-6116 Fax
     *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following: **Scott L. Kolker**, Kolker & Labovitz, *Attorneys for Plaintiff*.

*/s/ Bradley M. Zaffiri*

4